PER CURIAM:
Claimants are the owners of a 1989 Ford Escort, which sustained damages on February 25,1994, when claimant Benny Fleshman was driving from Glen Jean to Whipple, Fayette County, on W. Va. Route 21/20. His automobile sustained damages in the amount of $2,894.16.
The evidence adduced at the hearing of this claim established that claimant Mr. Fleshman was driving on W.Va. Route 21.20 at approximately 9:00 p.m., in rain and ice conditions. His automobile went into a hole in the road and then skidded on ice into a bank causing damage to his automobile. He was not familiar with this road and he was unable to see the hole as it was filled with water. He described the hole as being one and one half feet in diameter and approximately ten inches deep. It was located close to the yellow line in the center of the road. He observed many other holes along W.Va. Route21/20. He maintains insurance on his automobile and has a $250.00 deductible provision, which represents the amount of this claim.
The assistant county supervisor for Fayette County, John Zimmerman, testified that W. Va. Route 21/20 is local service road in Fayette County. Respondent’s crews were spending 90% of their time on snow removal and ice control in February 1994. He was aware that there were holes on W.Va. Route 21/20, but described these holes as being “skin patches” or holes that are one inch to one and one half inches in depth. He traversed Route 21/20 on the day following claimant’s accident, but was unable to find any hole of the size and depth of the hole described by the claimant on this road. Cold patch material is used during winter months to patch any holes, but this is a temporary patching material.
The Court is well aware that the winter months of January and February 1994 were months with severe weather conditions which impacted the condition of all of the roads and highways throughout the State. The snow and rain created snow and ice conditions upon all of the roads and highways. Respondent, by necessity, concentrated its maintenance efforts upon snow and ice removal activities which had to take priority over all other maintenance activities.
The Court has determined that the claimant has failed to establish negligence on the part of the respondent, and, for these reasons, the Court is of the opinion to and does deny this claim.
Claim disallowed.